**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| EXPRESS, INC., | ) Case No. 24-10831 (___) |
| Debtor. | ) |
| Tax I.D. No. 26-2828128 | ) |
| In re: | ) Chapter 11 |
| Express Topco LLC, | ) Case No. 24-10832 (___) |
| Debtor. | ) |
| Tax I.D. No. 26-2828079 | ) |
| In re: | ) Chapter 11 |
| Express Holding, LLC, | ) Case No. 24-10833 (___) |
| Debtor. | ) |
| Tax I.D. No. 35-2298454 | ) |
| In re: | ) Chapter 11 |
| Express Finance Corp., | ) Case No. 24-10834 (___) |
| Debtor. | ) |
| Tax I.D. No. 27-1817713 | ) |
| In re: | ) Chapter 11 |
| Express, LLC, | ) Case No. 24-10835 (___) |
| Debtor. | ) |
| Tax I.D. No. 54-2170160 | ) |

10947956.v2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Express Fashion Investments, LLC, | ) | Case No. 24-10836 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 92-1607622 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Express Fashion Logistics, LLC, | ) | Case No. 24-10837 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-0570481 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Express Fashion Operations, LLC, | ) | Case No. 24-10838 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-5573400 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Express GC, LLC, | ) | Case No. 24-10839 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 31-1816092 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Express BNBS Fashion, LLC, | ) | Case No. 24-10840 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 92-3453861 | ) | |

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| UW, LLC, | ) Case No. 24-10841 (___) <br> ) |
| Debtor. | ) <br> ) |
| Tax I.D. No. 32-0608688 | ) <br> ) |
| In re: | ) <br> ) Chapter 11 <br> ) |
| Express Fashion Digital Services Costa Rica, S.R.L., | ) Case No. 24-10842 (___) <br> ) |
| Debtor. | ) <br> ) |
| Tax I.D. No. 98-1667382 | ) |

**MOTION OF DEBTORS FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion:[1]

**Relief Requested**

1.     The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Order</u>"), (a) directing procedural consolidation and joint administration of the Debtors' chapter 11 cases and (b) granting related relief.  The Debtors request that the Court (as defined herein) maintain one file and one docket for all of the jointly administered cases under the case of Express, Inc., and that the cases be administered under a consolidated caption, as follows:

---

[1] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Stewart Glendinning, Chief Executive Officer of Express, Inc., in Support of Chapter 11 Petitions and First Day Motions* filed contemporaneously herewith (the "<u>First Day Declaration</u>"). Capitalized terms not defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| EXPRESS, INC., *et al.*,[1] | ) Case No. 24-10831 (___) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: Express, Inc. (8128), Express Topco LLC (8079); Express Holding, LLC (8454); Express Finance Corp. (7713); Express, LLC (0160); Express Fashion Investments, LLC (7622); Express Fashion Logistics, LLC (0481); Express Fashion Operations, LLC (3400); Express GC, LLC (6092); Express BNBS Fashion, LLC (3861); UW, LLC (8688); and Express Fashion Digital Services Costa Rica, S.R.L. (7382). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is One Express Drive, Columbus, Ohio 43230.

2.  The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code, as defined below.

3.  The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Express, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, directing joint administration for procedural purposes only of the chapter 11 cases of: Express, Inc., Case No. 24-10831; Express Topco LLC, Case No. 24-10832; Express Holding, LLC, Case No. 24-10833; Express Finance Corp., Case No. 24-10834; Express, LLC, Case No. 24-10835; Express Fashion Investments, LLC, Case No. 24-10836; Express Fashion Logistics, LLC, Case No. 24-10837; Express Fashion Operations, LLC, Case No. 24-10838; Express GC, LLC, Case No. 24-10839; Express BNBS Fashion, LLC, Case No. 24-10840; UW, LLC, Case No. 24-10841; and Express Fashion Digital Services Costa Rica, S.R.L., Case No. 24-10842. The docket in Case No. 24-10831 should be consulted for all matters affecting this case.

**Jurisdiction and Venue**

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested herein are sections 105(a) and 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1015(b) and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1015-1 and 9013-1(m).

**Background**

7. The Debtors are an omnichannel fashion retail company whose business operates under a multi banner portfolio comprised of Express, UpWest, and Bonobos. Grounded in a belief that style, quality, and value should all be found in one place, Express is a brand with a purpose. The Debtors offer their merchandise through approximately 600 stores throughout the United States and Puerto Rico—located primarily in high traffic shopping malls, lifestyle centers, and outlets—as well as online through their U.S. e-commerce websites. Headquartered

in Columbus, Ohio, Express, Inc. is a publicly traded company that currently employs approximately 9,300 employees, of whom approximately 2,800 are full time.

8. The Debtors commenced these chapter 11 cases to facilitate a timely and efficient process that will maximize the value of the Debtors' estates for the benefit of all stakeholders. The Debtors anticipate right sizing their retail footprint, and winding down brick-and-mortar locations that are not part of their go-forward business plan. The Debtors will seek to implement a value maximizing going concern transaction for their remaining operations.

9. On April 22, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

**Basis for Relief**

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The twelve Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

11. Furthermore, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in this Court

6

> under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

12. Joint administration is generally uncontroversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re Sientra, Inc.*, No. 24-10245 (JTD) (Bankr. D. Del. Feb. 14, 2024) (directing joint administration of chapter 11 cases); *In re MVK Farmco LLC*, No. 23-11721 (LSS) (Bankr. D. Del. Oct. 17, 2023) (same); *In re Yellow Corporation*, No. 23-11069 (CTG) (Bankr. D. Del. Aug. 9, 2023) (same); *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. June 6, 2023) (same); *In re Lannett Co., Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. May 4, 2023) (same); *In re SiO2 Med. Prod., Inc.*, No. 23-10366 (JTD) (Bankr. D. Del. Mar. 30, 2023) (same).[2]

13. Given the integrated nature of the Debtors' operations and the Debtors' intent to pursue a restructuring of the Debtors' businesses (either through a plan of reorganization or the sale of the business as a going concern), joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the United States Trustee for the District of Delaware (the "United States

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

10947956.v2

Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

14. Moreover, joint administration will not adversely affect the Debtors' respective constituencies. This motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors' joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Notice

15. The Debtors will provide notice of this motion to: (a) the United States Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the United States Department of Justice; (h) the DIP Agents and counsel thereto; (j) the ABL Lenders and counsel thereto; (k) the FILO Agent and counsel thereto; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties"). As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m). In light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

16. No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  April 22, 2024
Wilmington, Delaware

*/s/ Michael W. Yurkewicz*

| | |
|---|---|
| **KLEHR HARRISON HARVEY BRANZBURG LLP** | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Domenic E. Pacitti (DE Bar No. 3989) | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| Michael W. Yurkewicz (DE Bar No. 4165) | Emily E. Geier, P.C. (*pro hac vice* pending) |
| Alyssa M. Radovanovich (DE Bar No. 7101) | Nicholas M. Adzima (*pro hac vice* pending) |
| 919 North Market Street, Suite 1000 | 601 Lexington Avenue |
| Wilmington, Delaware 19801 | New York, New York 10022 |
| Telephone:   (302) 426-1189 | Telephone:   (212) 446-4800 |
| Facsimile:   (302) 426-9193 | Facsimile:   (212) 446-4900 |
| Email:   dpacitti@klehr.com | Email:   joshua.sussberg@kirkland.com |
|          myurkewicz@klehr.com |          emily.geier@kirkland.com |
|          aradvanovich@klehr.com |          nicholas.adzima@kirkland.com |
| -and- | -and- |
| Morton R. Branzburg (*pro hac vice* pending) | Charles B. Sterrett (*pro hac vice* pending) |
| 1835 Market Street, Suite 1400 | 333 West Wolf Point Plaza |
| Philadelphia, Pennsylvania 19103 | Chicago, Illinois 60654 |
| Telephone:   (215) 569-3007 | Telephone:   (312) 862-2000 |
| Facsimile:   (215) 568-6603 | Facsimile:   (312) 862-2200 |
| Email:   mbranzburg@klehr.com | Email:   charles.sterrett@kirkland.com |
| *Proposed Co-Counsel for the Debtors and Debtors in Possession* | *Proposed Co-Counsel for the Debtors and Debtors in Possession* |